

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 27, 1967

Commissioner Jim C. Langdon          Opinion No. M-175
Chairman
Railroad Commission of Texas          Re:  Jurisdiction of Railroad
Austin, Texas                              Commission of Texas over
                                           anhydrous ammonia pipe lines

Dear Mr. Langdon:

　　You request from this office an opinion on whether the Railroad Commission of Texas has jurisdiction over a pipe line to be used for the interstate transportation of anhydrous ammonia, an inorganic fluid manufactured from natural gas and nitrogen from the air.

　　The information furnished to us along with your opinion request indicates that the pipe line will be operated and maintained as an interstate common carrier for the transportation of anhydrous ammonia from a point in the Panhandle of Texas through Oklahoma, to various distribution points in the States of Kansas, Nebraska and Iowa. Since the pipe line in question is an interstate line, it is under the jurisdiction and subject to the rules and regulations of the Interstate Commerce Commission, as such rules and regulations may apply to common carrier pipe line systems.

　　The statutory authority for the Railroad Commission to regulate common carrier pipe lines is found in Title 102, Vernon's Civil Statutes of Texas.

　　Article 6023, Vernon's Civil Statutes, delegates specific authority to the Railroad Commission over all common carrier pipe lines carrying oil or gas in Texas. The pertinent part of Article 6023 provides:

> "Power and authority are hereby conferred
> upon the Railroad Commission of Texas, over
> all common carrier pipe lines conveying oil
> or gas in Texas,. . ."

　　Article 6018, Vernon's Civil Statutes, defines what is a Common Carrier. However, in that article it is clearly expressed that the only pipe lines that qualify by law as common carriers are pipe lines that transport crude petroleum.

-843-

Although natural gas pipe line companies are not common carriers as defined by Article 6018, Vernon's Civil Statutes, they are subject to regulation by the Railroad Commission by virtue of Article 6050, Vernon's Civil Statutes, which classifies them as gas utilities.

The authority for the Railroad Commission to regulate "gas utilities" is found in Article 6051, Vernon's Civil Statutes, which provides:

> "The operation of gas pipe lines for buying, selling, transporting, producing or otherwise dealing in natural gas is a business which in its nature and according to the established method of conducting the business is a monopoly and shall not be conducted unless such gas pipe line so used in connection with such business be subject to the jurisdiction herein conferred upon the Commission. The Attorney General shall enforce this provision by injunction or other remedy."

Thus by virtue of Article 6023 and 6051, Vernon's Civil Statutes, jurisdiction is given to the Railroad Commission to regulate pipe line common carriers that transport oil and gas and natural gas. Anhydrous ammonia is neither oil, gas or natural gas as that term is used in the statute. However, in 1955 Article 2.01 of the Business Corporation Act was enacted by the 54th Legislature.

Section b of Article 2.01B(3) (b) provides, in part:

> ". . .and provided that any corporation engaged as a common carrier in the pipe line business for transporting oil, oil products, gas, salt brine, fuller's earth, sand, clay, liquefied minerals or other mineral solutions, shall have all of the rights and powers conferred by Articles 6020 and 6022, Revised Civil Statutes, 1925."

Article 6022, Vernon's Civil Statutes, gives a general right of eminent domain.

Article 6020, Vernon's Civil Statutes, requires that a pipe line company file a written acceptance of the provisions of said articles and agree that it shall be and become a common carrier pipe line, subject to the duties and obligations of this law.

You state in your opinion request that there has been an application for a permit to operate an anhydrous ammonia pipe line in Texas and the Commission has been requested to issue a permit to the named pipe line company as a common carrier pipe line for the transportation of anhydrous ammonia.

In order for an anhydrous ammonia pipe line company to enjoy the benefits of a common carrier it must be engaged in transporting one of the enumerated items specified in the Business Act above set out.

Under Article 6066a, Vernon's Civil Statutes, the Railroad Commission is given authority over the regulations of the transportation of oil or products thereof. Section 1(c) of 6066a provides:

> "The word 'product' shall include refined crude oil, crude tops, topped crude, processed crude petroleum, residue from crude petroleum, cracking stock, uncracked fuel oil, fuel oil, treated crude oil, residuum, gas oil, casing-head gasoline, natural gas gasoline, naphtha, distillate, gasoline, kerosene, benzine, wash oil, waste oil, blended gasoline, lubricating oil, blends or mixtures of petroleum and/or any and all liquid products or by-products derived from crude petroleum oil or gas, whether hereinabove enumerated or not."

Anhydrous ammonia falls within the meaning of the term product as defined by Article 6066a.

It is the opinion of this office that a pipe line company that transports anhydrous ammonia falls within the broad meaning of that portion of Article 2.01B(3) (b), (Business Corporation Act), that allows a pipe line company engaged as a common carrier the benefits of Articles 6020 and 6022.

Therefore, since the anhydrous ammonia pipe line company under discussion is a common carrier as that term is defined in the Business Corporation Act and such pipe line company has sought the advantages of Articles 6020 and 6022, by filing with the Commission its written acceptance of its duties and obligations as required by Article 6020, then such pipe line company does fall within the jurisdiction of the Railroad Commission and a permit should be issued to the applicant.

## SUMMARY

Under the applicable statutes a common carrier of anhydrous ammonia, by pipe line, is subject to the jurisdiction of the Railroad Commission of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linward Shivers
Assistant Attorney General
LS:bp

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Houghton Brownlee, Jr.
Pat Cain
W. O. Shultz

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.